United States District Court
Southern District of Texas
**ENTERED**
November 13, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT, | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-211 |
| MOHIT RANA, | § | |
| Respondent. | § | |

**TEMPORARY RESTRAINING ORDER**

The United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE" or "Petitioner") has filed for an Emergency Court Order to Permit Involuntary Administration of Hydration and Restraints (Doc. 1) and an accompanying Emergency Motion for Order to Permit Involuntary Administration of Hydration and Memorandum in Support (Doc. 2). Petitioner requests a Temporary Restraining Order authorizing the involuntary administration of hydration and restraints for Respondent Mohit Rana, who is in the custody and care of Petitioner.

In support of their request, Petitioner submits the Declaration of Maribel Cantu, MD, who is the supervising physician for the Respondent, and the Declaration of Acting Assistant Officer in Charge Rafaela Gonzalez, who is employed by Petitioner and assigned to the Port Isabel Detention Center (PIDC) near Los Fresnos, Texas.

Based on the Motion and the declarations that Petitioner submits, the Court finds as follows:

Respondent Mohit Rana is a native and citizen of India who entered the United States near Calexico, California. He was detained and is currently in the custody of Petitioner near Los Fresnos, Texas, at the PIDC. He is awaiting his initial appearance before an Immigration Judge.

Since October 19, 2019, Respondent has been on a hunger strike. He has consumed small amounts of liquids since October 18, 2019, and for the past four days, his liquid intake has been very minimal and only a fraction of the recommended 8 cups of water per day.

The Respondent's hunger strike and limited hydration has adversely affected his health. Dr. Cantu in her declaration describes the harmful effects of the hunger strike, including, as examples, diffuse abdominal pain, very low blood pressure (hypotension) and an elevated heart rate (tachycardic). The Respondent's continuation of his hunger strike and refusal to drink places his life in imminent danger. Without the involuntary administration of hydration, by nasogastric tube and/or intravenous feeding, Respondent faces a high probability of death in the very near future.

Petitioner bears responsibility for the care and custody of Respondent. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1971). Petitioner has compelling governmental interests in the preservation of life of individuals in its care and custody, in the prevention of suicide of those individuals, and in the enforcement of security, order and discipline in its facilities. Based on the declaration of Ms. Gonzalez, the Court finds that Respondent's death not only would thwart Petitioner's ability to care for an individual in its custody (i.e., the Respondent), but would pose a serious threat to the security and good order of the facility in which Petitioner currently maintains Respondent.

Petitioner's compelling interests outweigh any constitutional rights that Respondent may assert in the circumstances of this case. *See, e.g.*, *Washington v. Harper*, 494 U.S. 210, 227 (1990) (holding that "given the requirements of the prison environment, the Due Process Clause permits the State to treat a prison inmate who has a serious mental illness with antipsychotic drugs against his will, if the inmate is dangerous to himself or others and the treatment is in the inmate's medical interest"); *Freeman v. Berge*, 441 f.3d 542, 546 (7th Cir. 2006) ("[A]t some point [a prison] may have to force-feed [a] prisoner to prevent him from seriously endangering his health."); *Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (rejecting plaintiff's claim that prison regulations that

permit medical officers to force-feed an inmate if they determine that his life or permanent health are in danger violate the Constitution).

Petitioner has established the elements for emergency injunctive relief under Federal Rule of Civil Procedure 65(b) and the requirements for injunctive relief in the Fifth Circuit. *See Canal Auth. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Accordingly, it is:

**ORDERED** that Petitioner's Emergency Motion for Order to Permit Involuntary Administration of Hydration is **GRANTED**;

**ORDERED** that a trained medical professional is authorized to employ the least amount of force necessary to administer hydration to Respondent Mohit Rana to the extent necessary to prevent life-threatening consequences to Respondent Mohit Rana; and

**ORDERED** that competent medical authority may use the least amount of force and restraint mechanisms necessary to restrain Respondent if he resists efforts to administer hydration.

This Temporary Restraining Order expires at 4:00 p.m. on November 27, 2019 (central standard time).

SIGNED this 13th day of November, 2019 at 4:45 p.m. (central standard time).

Fernando Rodriguez, Jr.
United States District Judge